**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MOISES AGUILAR, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-cv-01165-B |
| OCWEN LOAN SERVICING, LLC AND OCWEN MORTGAGE SERVICING, INC., | § § § § | |
| Defendants. | § § | |

---

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

---

# TABLE OF CONTENTS

PAGE(S)

INTRODUCTION ..................................................................................................................1

FACTUAL ALLEGATIONS ................................................................................................2

ARGUMENT .........................................................................................................................3

    I.    Legal Standard ...................................................................................................3

    II.    The Statute of Limitations Significantly Limits Plaintiff's Claims. ........................4

        A.    Plaintiff's Claims Are Time Barred to the Extent They Rely Upon
                Conduct Outside of the Relevant Statute of Limitations Period.................4

        B.    Plaintiff Cannot Rely Upon the *American Pipe* Tolling Doctrine to
                Salvage His Time Barred Claims.................................................................5

            i.    Plaintiff Forfeited His Right to Tolling by Filing an
                    Independent Action Prior to the Class Certification
                    Decision. ....................................................................................6

            ii.    The American Pipe Tolling Doctrine Does Not Apply
                    Because There Is Not a "Complete Identity" of the Claims
                    and Parties. ..................................................................................9

    III.    Plaintiff Fails to State Claims Satisfying *Twombly's* Plausibility Standard. .........11

        A.    The Complaint Does Not Contain Specific Allegations Against
                 OLS and OMS Sufficient to State Any Plausible Claims.........................11

        B.    Plaintiffs Fails to Plead Any Factual Support Within the Two-Year
                Statute of Limitations to Support the State Law Claims............................11

        C.    Plaintiff Fails to Plead the Requisite Elements to Allege Plausible
                Negligence and Negligence Per Se Claims................................................12

            i.    Plaintiff Has Not and Cannot Allege Any Duty Owed by
                      Either OMS or OLS to Plaintiff.................................................12

            ii.    Plaintiff Has Not and Cannot Allege Any Damages to
                      Plausibly Support the Negligence and Negligence Per Se
                      Claims. .......................................................................................14

iii.   Plaintiff's Negligence Per Se Claim Fails as a Matter of Law Because the TCPA Does Not Create a Common Law Duty ...................................................................................... 15

D.   Plaintiff Fails to Plead a Plausible Claim for Violation of the TDCA .............................................................................................. 17

E.   Plaintiff Fails to Plead a Plausible Claim for Violation of the DTPA. ............................................................................................. 19

F.   Plaintiff Fails to Plead the Requisite Elements to Allege a Plausible Unreasonable Collection Efforts Claim. ...................................... 20

i.   Plaintiff Fails to Plead a Plausible Claim for Unreasonable Collection Efforts. ......................................................................... 20

ii.   Plaintiff Fails to Allege Any Recoverable Damages to Plausibly Support the Unreasonable Collections Effort Claim. .......................................................................................... 22

CONCLUSION ..................................................................................................... 23

## TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Adler v. Vision Lab Telecoms., Inc.,*
    393 F. Supp. 2d 35 (D.D.C. Oct. 17, 2005) ..........................................................17

*American Pipe & Construction v. State of Utah,*
    414 U.S. 538 (1974)............................................................................... *passim*

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................... *passim*

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..........................................................................1, 3, 11

*Bent v. Mackie Wolfe Zientz & Mann, P.C.,*
    2013 WL 4551614 (N.D. Tex. Aug. 28, 2013)........................................................16

*Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.,*
    748 F.3d 631(5th Cir. 2014) ................................................................................6

*Bruce v. Nationstar Mortgage,*
    2015 WL 728028 (N.D. Tex. Feb. 19, 2015)....................................................6, 16

*Carillo v. Bank of America, N.A.,*
    2013 WL 1558320 (S.D. Tex. Apr. 11, 2013) ......................................................13

*Chair King Inc. et al, v. GTE Mobilenet of Houston, Inc.,*
    135 S.W.3d 365 (Tex. App.—Houston 2004) ....................................................16

*Chinn v. Giant Food, Inc.,*
    100 F. Supp. 2d 331 (D. Md. 2000) ....................................................................8

*City of Tyler v. Likes,*
    962 S.W.2d 489 (Tex. 1997).........................................................................14, 15

*Clark v. Deutsche Bank Nat. Trust Co.,*
    2015 WL 4093948 (N.D. Tex. Jul. 7, 2015) ........................................................4

*In re Commonwealth Oil/Tesoro Petroleum Corp. Sec. Litig.,*
    467 F. Supp. 227 (W.D. Tex. 1979).....................................................................9

*Crown, Cork & Seal Company, Inc. v. Parker,*
    462 U.S. 345 (1983)...................................................................................6, 10

*Cushman v. GC Services, L.P.*,
    397 Fed. App'x 24 (5th Cir. 2010) .......................................................................19

*Daryani v. Wells Fargo Bank, N.A.*,
    2012 WL 3527924 (S.D. Tex. Aug. 13, 2012) ........................................................19

*Elston v. Resolution Servs.*,
    950 S.W.2d 180 (Tex. App.—Austin 1997) ............................................................17

*In re Enron Corp. Sec. Litig.*,
    465 F. Supp. 2d 687 (S.D. Tex. 2006) ..........................................................7, 9, 10

*Everhart v. CitiMortgage, Inc.*,
    2013 WL 264436 (S.D. Tex. Jan. 22, 2013) .....................................................20, 21

*Express One Intern., Inc. v. Steinbeck*,
    53 S.W. 3d 895 (Tex. App.—Dallas 2001)............................................................14

*FDIC v. Coleman*,
    795 S.W.2d 706 (Tex. 1990)...................................................................................13

*Fraley v. BAC Home Loans Servicing, LP*,
    2012 WL 779130 (N.D. Tex. Jan. 10, 2012) .........................................................12

*Gipson v. Deutsche Bank Nat'l Trust Co.*,
    2015 WL 2069583 (N.D. Tex. May 4, 2015) .........................................................21

*Glater v. Eli Lilly & Co.*,
    712 F. 2d 735 (1st Cir. 1983)...................................................................................7

*Gurganus v. Furniss*,
    2016 WL 3745684 (N.D. Tex. Jul. 13, 2016) ....................................................2, 11

*In re Hanford Nuclear Reservation Litig.*,
    534 F.3d 986 (9th Cir. 2008) ...................................................................................8

*Hansberger v. EMC Mortg. Corp.*,
    2009 WL 2264996 (Tex. App. Ct. July 29, 2009) .................................................19

*Jackson Law Office, P.C. v. Chappell*,
    37 S.W.3d 15 (Tex. App.—Tyler 2000) .................................................................17

*Johnson v. JPMorgan Chase Bank, N.A.*,
    2013 WL 2554415 (E.D. Tex. June 7, 2013)..........................................................22

*Johnson v. Railway Express Agency, Inc.*,
    421 U.S. 454 (1975)...............................................................................9, 10, 16, 17

*Johnson v. Sawyer*
    47 F. 3d 716 (5th Cir. 1995) ...........................................................................15

*Lane v. Haliburton*,
    529 F. 3d 548 (5th Cir. 2008) ........................................................................12

*Loyola v. American Homes for Rent Property II, LLC*,
    2014 WL 12461966 (W.D. Tex. Feb. 13, 2014) ...............................................19

*Marauder Corp. v. Beall*,
    301 S.W.3d 817 (Tex. App.—Dallas 2009) .....................................................17

*In re: Marcos F. Lopez*,
    2015 WL 1207012 (S.D. Tex. Bankr. Mar. 12, 2015) ........................................4

*Mathurin v. Wells Fargo, N.A.*,
    2014 WL 4441963 (W.D. Tex. Sept. 9, 2014) ..................................................18

*McDonald v. Bennett*,
    674 F.2d 1080 (5th Cir. 1982) .......................................................................22

*Miller v. CitiMortgage, Inc.*,
    970 F. Supp. 2d 568 (N.D. Tex. Sep. 5, 2013) .......................................12, 13, 14

*Narango v. Universal Sur. of America*,
    679 F. Supp. 2d 787 (S.D. Tex. 2010) ............................................................17

*Perry v. S.N.*,
    973 S.W.2d 301 (Tex. 1998) .........................................................................16

*Rahr v. Grant Thornton LLP*,
    142 F. Supp. 2d 793 (N.D. Tex. 2000) .......................................................7, 8, 9

*Rivera v. Bank of America, N.A.*,
    2014 WL 2996159 (E.D. Tex. Jul. 2, 2014) ....................................................22

*Rogers v. Nacchio*,
    2006 WL 7997562 (S.D. Fla. Jun. 6, 2006) ......................................................7

*Saloila v. Municipal Services Bureau*,
    2014 WL 3389395 (D. Haw. Jul. 9, 2014) ......................................................16

*Thompson v. Hughes, Watters & Askanase*,
    2013 WL 4441979 (N.D. Tex. Aug. 20, 2013) .................................................16

*UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*,
    176 S.W.3d 595 (Tex. App.—Corpus Christi 2005) ..........................................13

*Valdez v. Capital Mgmt. Servs., LP,*
  2010 WL 4643272 (S.D. Tex. Nov. 16, 2010) ....................................................21

*In re Verture Inc.,*
  719 F. 3d 474 (6th Cir. 2014) .......................................................................7

*Vine Street LLC v. Keeling,*
  361 F. Supp. 2d 600 (E.D. Tex. 2005) ............................................................4

*Watson v. Citimortgage, Inc.,*
  814 F. Supp. 2d 726 (E.D. Tex. 2011) ...........................................................22

*Williams v. Chase Home Finance, LLC,*
  2014 WL 46233 (N.D. Tex. Jan. 6, 2014) .......................................................4

*Wood v. Combustion Engineering, Inc.,*
  643 F. 2d 339 (5th Cir. 1981) .......................................................................8

*Woods v. Bank of America, N.A.,*
  2012 WL 1344343 (N.D. Tex. Apr. 17, 2012) ...................................19, 20, 21, 22

*In re Worldcom Sec. Litig.,*
  496 F. 3d 245 (2d Cir. 2007)........................................................................8

*Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.,*
  413 F. 3d 553 (6th Cir. 2005) ............................................................7, 10, 11

**Statutes**

28 U.S.C. § 1658(a) ........................................................................................4

Tex. Bus. & Comm. Code Ann. § 17.45(4) .......................................................19

Tex. Bus. & Comm. Code § 17.565.................................................................4

Tex. Fin. Code Ann. § 392.302 (West 2017)......................................................18

Defendants Ocwen Loan Servicing, LLC ("OLS") and Ocwen Mortgage Servicing, Inc. ("OMS") hereby move to dismiss Plaintiff's Complaint ("Complaint") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff's generic Complaint offers nothing more than boilerplate and stale allegations to support his claims.  Indeed, it is nearly identical to the 25 complaints filed by Plaintiff's counsel against OLS and OMS between May 3, 2017 and May 8, 2017, in this State alone.  Each complaint contains the same fatal defects.

First, although a substantial portion of the conduct at issue is alleged to have occurred in 2014 or earlier, Plaintiff did not file the instant action until May 3, 2017.  Plaintiff's own allegations thus make clear that the claims are substantially time-barred.  Plaintiff attempts to revive these stale claims by arguing that they are tolled due to an earlier filed putative class action and the Supreme Court's decision in *American Pipe & Construction v. State of Utah,* 414 U.S. 538 (1974).  (*See* Compl. at ¶ 7.)  The class action tolling doctrine announced in *American Pipe,* however, does not apply where, as here, Plaintiff chooses to file an independent action *prior to* the certification decision being rendered in the earlier filed class action or where the asserted claims and parties are not identical to those alleged in the class action.  Accordingly, each claim is significantly limited by the applicable statute of limitations.

Second, stripped of its conclusory allegations, the Complaint does not include sufficient factual allegations against OLS or OMS to set forth plausible claims against either as required under the pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Indeed, it is well-established that this type of "group pleading"—wherein Plaintiff improperly lumps both Defendants together and does not assert any specific factual allegations against either OLS or

OMS—fails to meet the pleading requirements of Rule 8. *Gurganus v. Furniss,* No. 3:15-cv-03964, 2016 WL 3745684, at *5 (N.D. Tex. Jul. 13, 2016) (Lynn, J.). Each claim is subject to dismissal on this ground alone.

Third, Plaintiff has failed to plead the necessary elements and factual allegations to support his state law claims. Specifically, the Court should dismiss the state law claims for negligence (count III), negligence per se (count IV), violation of the Texas Debt Collection Act ("TDCA," count V), violation of the Texas Deceptive Trade Practices Act ("DTPA," count VI), and breach of the common law tort of unreasonable collection efforts (count VII) under Fed. R. Civ. P. 12(b)(6), because Plaintiff has not and cannot allege: (1) any plausible conduct by Defendants within the narrow statute of limitations period to support each claim; (2) a duty owed by Defendants to Plaintiff, much less any damages, to support the negligence claims; (3) any plausible actual damages to support the TDCA claim; (4) that he is a consumer under the DTPA; and (5) the heightened conduct or recoverable damages to support his unreasonable collection efforts claim.

Accordingly, Plaintiff's Complaint should be dismissed, with prejudice.

## FACTUAL ALLEGATIONS

On May 3, 2017, Plaintiff filed the instant action, asserting seven claims against OLS and OMS: (1) negligent violation of the TCPA, (2) knowing and/or willful violation of the TCPA, (3) negligence, (4) negligence per se – TCPA, (5) violation of the TDCA, (6) violation of the DTPA, and (7) breach of the common law tory of unreasonable collection efforts. These allegations and claims are nearly identical to the 25 complaints filed by Plaintiff's counsel in this State alone, and identified as related actions in Plaintiff's Addendum to the Complaint. (*See* ECF No. 1-1.)

The crux of each claim is the allegation that between March 30, 2011 and December 13, 2015, Defendants purportedly placed numerous calls to Plaintiff's cellular telephone number.

(*See* Compl. ¶¶ 25.)  Other than these bare-bones assertions, no further conduct is alleged to have been conducted by Defendants.  Indeed, rather than even identifying what conduct was allegedly committed by OLS as opposed to OMS, Plaintiff merely lumps both Defendants together in each paragraph, alleging that somehow each call was simultaneously placed by both Defendants with the requisite intent to support his claims.  (Compl. at ¶¶ 25, 27-46.)

Importantly, a substantial portion of the alleged calls at issue are alleged to have been placed by Defendants in 2014 or earlier.  (Compl. at ¶ 30.)  In contrast to the alleged calls in 2014, wherein Plaintiff attempts to include some conclusory assertions as to the purported calls, there are no factual allegations whatsoever as to the nature, frequency, or number of calls allegedly made by Defendants in 2015, nor are there allegations of any conduct whatsoever by Defendants occurring after December 13, 2015.  Notwithstanding that a substantial portion of the alleged conduct occurred in 2014 or much earlier, Plaintiff waited until May 3, 2017, to file the instant action.

For the reasons set forth herein, each of Plaintiff's claims are deficient and should be dismissed.

## ARGUMENT

### I.     Legal Standard

To survive a motion to dismiss, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  While specific factual allegations are not necessary, a complaint must provide the defendant fair notice of each claim and the basis on which the plaintiff asserts it.  *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not pass muster.  *Iqbal*, 556 U.S. at 678.  Nor do facts that are "merely consistent with a defendant's liability."  *Id.* (internal quotation marks omitted).  The factual content must permit the court reasonably to infer

that the defendant is liable for the specific wrong the plaintiff alleges. *Id.* The complaint must demonstrate that it is plausible, not just possible, that the plaintiff is entitled to relief. *Id.* at 678. In evaluating a motion to dismiss, the Court need not accept conclusory allegations as true. *Iqbal*, 556 U.S. at 679. Instead, the Court need only accept allegations pleaded with specific factual support that plausibly demonstrate an entitlement to relief. *Id.* When stripping Plaintiff's Complaint of the conclusory allegations, there is no factual support demonstrating plausible entitlement to relief.

## II.   The Statute of Limitations Significantly Limits Plaintiff's Claims.

### A.   Plaintiff's Claims Are Time Barred to the Extent They Rely Upon Conduct Outside of the Relevant Statute of Limitations Period.

By Plaintiff's own allegations, each of his claims arise solely from purported calls received between March 30, 2011 and December 13, 2015. (Compl. at ¶ 25.) No conduct is alleged to have taken place after December 16, 2015. Notwithstanding that Plaintiff would have been well aware of this alleged conduct, he delayed until May 3, 2017 to file the present action. Where, as here, the statute of limitations determination is apparent on the "face of the complaint," dismissal under Rule 12(b)(6) is appropriate. *See Williams v. Chase Home Finance, LLC,* No. 3:13-cv-1307-G (BH), 2014 WL 46233, at *3 (N.D. Tex. Jan. 6, 2014) (Fish, J.).

For the TCPA claim, Plaintiff is governed by a four-year statute of limitations. 28 U.S.C. § 1658(a). Each of Plaintiff's state law claims are governed by a two-year statute of limitations. *See, e.g., Vine Street LLC v. Keeling,* 361 F. Supp. 2d 600, 604 (E.D. Tex. 2005) (applying two-year statute of limitations to negligence and negligence per se claims); *Clark v. Deutsche Bank Nat. Trust Co.,* No. 3:14–CV–3590–B, 2015 WL 4093948, at *8 (N.D. Tex. Jul. 7, 2015) (Boyle, J.) (applying two-year statute of limitations to TDCA claim); Tex. Bus. & Comm. Code § 17.565 (providing two-year statute of limitations for DTPA claims); *In re: Marcos F. Lopez,* Adv. No.

13-07019, 2015 WL 1207012, at *5 (S.D. Tex. Bankr. Mar. 12, 2015) (explaining that the common law tort of unreasonable collection is an intentional tort and, thus, is subject to the two-year statute of limitations period under Tex. Civ. Prac. & Rem. § 16.003).

Accordingly, Plaintiff's TCPA claim is barred to the extent it relies upon purported calls placed before May 3, 2013, and Plaintiff's state law claims are time barred to the extent they rely upon purported conduct that occurred before May 3, 2015. And, because Plaintiff alleges no conduct whatsoever occurring after December 13, 2015, Plaintiff's state law claims are further limited to the narrow window of May 3, 2015 to December 13, 2015. Each of these claims should thus be dismissed, with prejudice, to the extent they purport to rely upon conduct outside of the relevant statute of limitations period.

> **B.      Plaintiff Cannot Rely Upon the *American Pipe* Tolling Doctrine to Salvage His Time Barred Claims.**

In tacit recognition that his claims are largely time barred, Plaintiff seeks to revive these stale claims by alleging that they are "tolled due to the commencement of a class action based on same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC,* Case No. 1:14-cv-8461 (the "*Snyder Action*"), filed against Defendant on October 27, 2014 in the Northern District of Illinois." (Compl. at ¶ 7.) This assertion is misplaced.

In *American Pipe & Construction v. State of Utah,* 414 U.S. 538, 554 (1974), the Supreme Court recognized the tolling principle that the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Plaintiff ignores, however, that the *American Pipe* tolling doctrine is subject to two important limitations: (1) the tolling doctrine does not apply to independent actions that are filed *prior to* the class certification

decision, and (2) the tolling doctrine only applies where there is "complete identity" of the causes of action.

The facts of this case make clear that these limitations apply and, thus, tolling is not appropriate. First, the certification decision has not yet been issued in the *Snyder Action,* with the plaintiffs not even seeking certification until May 26, 2017—after the present action was filed. *See Snyder Action,* ECF No. 216. Second, Plaintiff cannot demonstrate a "complete identity" of the causes of action. Defendant OMS was not a party to the *Snyder Action* and, thus, *American Pipe* does not apply to toll claims against an unnamed defendant. Furthermore, in contrast to the seven claims asserted in the instant action, including five claims predicated upon unique Texas laws, the plaintiffs in the *Snyder Action* have only sought certification of the TCPA claims against Defendant OLS.[1]  Because both limitations apply here, the *American Pipe* tolling doctrine is inapplicable.

### i.    *Plaintiff Forfeited His Right to Tolling by Filing an Independent Action Prior to the Class Certification Decision.*

In *Crown, Cork & Seal Company, Inc. v. Parker,* 462 U.S. 345, 354 (1983), the Supreme Court explained that that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suit or to intervene as plaintiffs in the pending action." In other

---

[1] A copy of the class action complaint filed in the *Snyder Action* on October 27, 2014, is attached hereto in Defendants' Appendix at pages 1-28. The *Snyder Action* Complaint also included an FDCPA claim, however, the plaintiffs have not sought to certify that claim. *See Snyder Action,* ECF No. 216. The Court may consider the *Snyder Action* Complaint in ruling on the instant motion because it is referred to in Plaintiff's Complaint and is central to his assertion that his claims have been tolled. *See Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.,* 748 F.3d 631, 634(5th Cir. 2014). Additionally, the Court may take judicial notice of the *Snyder Action* Complaint and the related docket entries pursuant to Federal Rule of Evidence 201(b). *See Bruce v. Nationstar Mortgage,* No. 3:13-cv-3019-M-BH, 2015 WL 728028, at *3 (N.D. Tex. Feb. 19, 2015) (Lynn, J.) (holding that it is "also 'clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.'").

words, the Supreme Court indicated that the mechanism to take advantage of the tolling doctrine is to file suit or intervene after the class certification decision. To hold otherwise, would undermine the very "efficiency and economy of litigation" intended by the class action device and *American Pipe* by allowing plaintiffs to rely on a pending class action rather than filing their own separate lawsuits. *American Pipe,* 414 U.S. at 553.

Based on this reasoning, numerous courts, including this one, have declined to apply the tolling doctrine where, as here, plaintiffs file independent actions prior to the class certification decision. *Rahr v. Grant Thornton LLP,* 142 F. Supp. 2d 793, 799-800 (N.D. Tex. 2000); *see also In re Verture Inc.,* 719 F. 3d 474, 480 (6th Cir. 2014) (reaffirming prior Sixth Circuit holding that "a plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on the *American Pipe* tolling doctrine") (internal citations omitted); *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.,* 413 F. 3d 553, 568-69 (6th Cir. 2005) (holding same and explaining that the "purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided"); *Glater v. Eli Lilly & Co.,* 712 F. 2d 735, 739 (1st Cir. 1983) (holding that the "policies behind Rule 23 and *American Pipe* would not be served, and in fact would be disserved, by guaranteeing a separate suit at the same time that a class action is ongoing"); *In re Enron Corp. Sec. Litig.,* 465 F. Supp. 2d 687, 730 (S.D. Tex. 2006) (agreeing with the "reasoning of the majority of courts addressing the issue" to conclude that the plaintiffs were not entitled to tolling under *American Pipe* because they filed their independent action "before a decision on class certification" was made; explaining that these "actions constitute the inefficiency of multiple suits prior to class certification that the *American Pipe* tolling doctrine was developed to avoid."); *Rogers v. Nacchio,* No. 05-60667-

CIV, 2006 WL 7997562, at *3 (S.D. Fla. Jun. 6, 2006) (holding same and explaining that the purposes of *American Pipe* "include the avoidance of a rash of individual suits by litigants seeking relief that duplicates the relief that a pending class seeks"); *Chinn v. Giant Food, Inc.,* 100 F. Supp. 2d 331, 335 (D. Md. 2000) (holding that *American Pipe* tolling does not apply "to protect the individual plaintiff who files an independent action after the statute of limitations has expired but before a certification decision has been rendered in a timely class complaint which supposedly includes the plaintiff") (internal citations omitted).[2]

Indeed, in *Rahr v. Grant Thornton LLP,* 142 F. Supp. 2d 793, 799-800 (N.D. Tex. 2000) Judge Fish confirmed that the "class action tolling doctrine, [] was never intended to apply to plaintiffs like Rahr who file separate suits *prior to* a decision being reached on the class certification issue." (emphasis in original). "None of the judicial efficiency purposes of the doctrine is served by applying it to plaintiffs who voluntarily pursue their individual claims even before the court determined whether the class is viable." *Id.* at 800 (compiling authorities holding same). Instead, Judge Fish held that

> These cases make clear that the class action tolling doctrine is intended to avoid the injustice and judicial inefficiency of requiring putative class members to file individual suits or to lose their claims. It is not intended to be a tool to manipulate limitations periods for parties who, intending all along to pursue individual claims, assert reliance on the proposed class action just long enough to validate their otherwise time barred claims. *See Wachovia* [*Bank & Trust Company, N.A. v. National Student Marketing Corporation*], 461 F.Supp. [999,] at 1012 [(D.D.C. 1978)]. Here, by filing an individual suit before class certification was

---

[2] *But see, e.g., In re Worldcom Sec. Litig.,* 496 F. 3d 245, 255 (2d Cir. 2007) (holding that the *American Pipe* tolling doctrine applied to class members who filed individual suits before class certification is resolved); *In re Hanford Nuclear Reservation Litig.,* 534 F.3d 986, 1009 (9th Cir. 2008) (holding same). The Fifth Circuit has not directly addressed this issue but has noted in dicta "that there appears to be a very real controversy" as to whether "American Pipe [applies] to situations in which a class action member opts out and files separate suit." *Wood v. Combustion Engineering, Inc.,* 643 F. 2d 339, 346-47 (5th Cir. 1981) (further noting that "[w]hile this question is an interesting one, and one which this court has apparently never squarely faced, we decline to pass on the question at this time").

> determined, Rahr frustrated the purpose of the class action tolling doctrine and
> should not now be able to reap its benefits. Accordingly, the court finds that the
> class action in *Krogman v. Grant Thornton* did not toll the statute of limitations
> for Rahr's claims in this case.

*Id.* at 800.  By filing an independent action before the certification decision has been rendered,

plaintiffs "have in effect opted out prior to the decision on class certification and thereby

forfeited their right to the benefits of the *American Pipe* tolling."  *In re Enron Corp. Sec. Litig.,*

465 F. Supp. 2d at 730.

That is exactly the case here.  By filing an independent action prior to the class

certification decision in the *Snyder Action*, none of the "efficienc[ies] and econom[ies] of

litigation" intended by the class action device and *American Pipe* are furthered.  *American Pipe,*

414 U.S. at 553. Instead, Plaintiff has effectively opted out of the class and forfeited his right to

*American Pipe* tolling.

### ii.  The American Pipe Tolling Doctrine Does Not Apply Because There Is Not a "Complete Identity" of the Claims and Parties.

Plaintiff also cannot rely upon the *American Pipe* tolling doctrine when he cannot

demonstrate a "complete identity" of his claims with the *Snyder Action*.   The Supreme Court

has made clear that the *American Pipe* decision "depended heavily on the fact that those filings

involved exactly the same cause of action subsequently asserted."  *Johnson v. Railway Express*

*Agency, Inc.,* 421 U.S. 454, 467 (1975).  As a result, the Supreme Court explained that "[o]nly

where there is complete identity of the causes of action will the protections [against the running

of the statute of limitations] necessarily exist."  *Id.* at 487 n. 14; *see also In re Commonwealth*

*Oil/Tesoro Petroleum Corp. Sec. Litig.,* 467 F. Supp. 227, 259-60 (W.D. Tex. 1979) (declining to

apply the *American Pipe* tolling where the claim at issue did "not constitute 'exactly the same

cause of action'" as the class claim).  As Justice Powell summarized in his concurring opinion,

"[c]laims to which the defendant was not fairly placed on notice by the class suit are not

protected under *American Pipe* and are barred by the statute of limitations." *Crown, Cork & Seal Company, Inc.,* 462 U.S. at 355.

Here, Plaintiff has not alleged and cannot demonstrate a "complete identity" of the causes of action. *Johnson,* 421 U.S. at 487 n. 14. First, Plaintiff has no "identity" of claims with Defendant OMS, when OMS was not even a party to the *Snyder Action*. OMS certainly had no notice from the *Snyder Action—*when the claims at issue in that action were directed solely to OLS—that it would be later dragged into the present suit and, thus, *American Pipe* does not apply to toll any claims as to OMS. *See In re Enron Corp. Sec. Litig.,* 465 F. Supp. 2d at 730 (holding that "*American Pipe* tolling based on the *Newby* class action cannot apply to claims against Defendants not named in *Newby*"; explaining that "because these parties were not named" they were "thus not on notice of the claims against them" in order for tolling to apply); *see also Wyser-Pratte,* 413 F. 3d at 567 (rejecting the claim that *American Pipe* tolling applied to a defendant that was not named in the class action; noting that the "few cases that have considered similar situations have held that class action tolling does not apply to a defendant not named in the class action complaint").

Second, plaintiffs have only sought to certify TCPA claims in the *Snyder Action*. By contrast, in addition to two TCPA claims, Plaintiff has asserted five unique Texas law claims that have not been pled as part of the putative nationwide class in the *Snyder Action*. Indeed, as discussed in detail below, these state law claims require very different proof, including evidence of a common law duty and heightened intent and damages, then the limited claims sought to be certified in the *Snyder Action*. *See infra* at pgs. 14-23. Because Plaintiff cannot demonstrate complete identity of the present claims with the claims sought to be certified in the *Snyder*

*Action*, Defendants were "not fairly placed on notice by the class suit" and Plaintiff is not "protected under *American Pipe.*"  *Id.*

### III.    Plaintiff Fails to State Claims Satisfying *Twombly's* Plausibility Standard.

#### A.    The Complaint Does Not Contain Specific Allegations Against OLS and OMS Sufficient to State Any Plausible Claims.

Plaintiff's Complaint fails to differentiate between OLS and OMS.  Nowhere in the Complaint does Plaintiff specifically identify the wrongful conduct each Defendant is alleged to have committed.  Plaintiff does not allege which Defendant purportedly placed each call, much less how each Defendant performed the necessary elements or acted with the requisite intent to support each claim.

This pleading tactic of "lumping" defendants together is clearly improper under Rule 8(a) because it fails to provide a factual basis to distinguish their conduct or put OLS and OMS on notice of the wrongdoing they are alleged to have committed.  *Gurganus v. Furniss,* No. 3:15-cv-03964, 2016 WL 3745684, at *5 (N.D. Tex. Jul. 13, 2016) (Lynn, J.).  And, by electing to lump all of the defendants together, Plaintiffs have made the mistake of filing a Complaint that does not contain "sufficient factual matter … to 'state a claim to relief that is plausible on its face.''  *Iqbal,* 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570).  Accordingly, the TCPA claims and the state law claims are subject to dismissal on this basis alone.

#### B.    Plaintiffs Fails to Plead Any Factual Support Within the Two-Year Statute of Limitations to Support the State Law Claims.

Each of the state law claims are subject to a two-year statute of limitations.  (*See supra* at pgs. 4-5.)  Because Plaintiff filed suit on May 3, 2017, and alleges no conduct after December 13, 2015 (Compl. at ¶ 25), Plaintiff's state law claims are limited to the narrow window of May 3, 2015 to December 13, 2015.  Yet, other than the generic allegation that between March 30, 2011 and December 13, 2015, Defendants "called Plaintiff," Plaintiff has alleged no conduct by

OLS or OMS in the two-year statute of limitations period to support his claims.  (*Compare* Compl. at ¶ 25, *with* ¶¶ 60-92.)  There are no factual allegations as to the nature, date, time, frequency, or number of the calls during this narrow period of May 3, 2015 to December 13, 2015, to plausibly infer that the calls were somehow negligent, harassing, unreasonable, or in violation of the DTPA or TDCA, or which Defendant is alleged to have placed any such calls.  In fact, the only call information alleged in the Complaint, relates solely to purported conduct in 2014—well outside of the statute of limitations for these claims.  (Compl. at ¶ 30 (describing the alleged date, number, and frequency of calls in 2014, but no such allegations as to any other time period).)

The Supreme Court made clear that this Court need only accept allegations pleaded with specific factual support that plausibly demonstrate an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Because Plaintiff has failed to allege any facts plausibly suggesting any conduct by Defendants between May 3, 2015 to December 13, 2015, each of Plaintiff's state law claims should be dismissed in their entirety.

> **C.    Plaintiff Fails to Plead the Requisite Elements to Allege Plausible Negligence and Negligence Per Se Claims.**
>
>> **i.    *Plaintiff Has Not and Cannot Allege Any Duty Owed by Either OMS or OLS to Plaintiff.***

Plaintiff's negligence claims fail because Plaintiff has not and cannot allege the existence of any duty owed by Defendants to Plaintiff.  The elements of a negligence cause of action are "(1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach."  *Miller v. CitiMortgage, Inc.,* 970 F. Supp. 2d 568, 585 (N.D. Tex. Sep. 5, 2013) (Lindsay, J.) (citing *Lane v. Haliburton*, 529 F. 3d 548, 565 (5th Cir. 2008)).  Whether Defendants owed a duty to Plaintiff is a "threshold inquiry in a negligence claim."

*Fraley v. BAC Home Loans Servicing, LP,* No. 3:11-CV-1060-N-BK, 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012).  "If there is no legal duty, liability for negligence cannot exist."  *Id.*

Yet, Plaintiff alleges no facts to plausibly suggest that either OLS or OMS owed any duty to Plaintiff.  Specifically, Plaintiff's sole allegation is the conclusory assertion that "Defendants had a duty to use care" (Compl. at ¶ 61); yet merely stating that Defendants owe a duty, without identifying any factual basis, is not enough.  Nowhere does Plaintiff allege any facts plausibly suggesting what duty of care was owed, how such duty arose, or even which Defendant purportedly owed Plaintiff the duty of care.  This single allegation, without any additional supporting facts, constitutes exactly the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that does not pass muster as a matter of law.  *Iqbal*, 556 U.S. at 678.

The fact that Plaintiff has not even attempted to allege a plausible duty is not surprising when Plaintiff cannot do so as a matter of law.  The contract between a lender and borrower does not give rise to any duty that would support a negligence claim.  *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990); *see also UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied) ("Texas courts have found no special relationship between a mortgagor and mortgagee").  Further, under Texas law, "there is no special relationship between a mortgagor and mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on Defendant."  *See Miller,* 970 F. Supp. at 585; *see also Carillo v. Bank of America, N.A.*, No. H-12-3096, 2013 WL 1558320 at *5 (S.D. Tex. Apr. 11, 2013) (dismissing negligence claim against mortgage servicer; holding that "[u]nder Texas law, 'there is no special relationship between a mortgagor and mortgagee that would give rise to a stand-alone duty of good faith and fair dealing.").

13

Accordingly, Plaintiff has not alleged any facts plausibly suggesting any duty owed by Defendants to Plaintiff, and the case law makes clear that Plaintiff's cannot.  As such, the negligence claims should be dismissed with prejudice.

> ### ii.      Plaintiff Has Not and Cannot Allege Any Damages to Plausibly Support the Negligence and Negligence Per Se Claims.

Damages are also a fundamental element to support a negligence claim and Plaintiff's conclusory allegation of harm is insufficient. *See Miller,* 970 F. Supp. 2d at 585.  "To be entitled to damages for negligence, a party must plead and prove either a personal injury or property damage as contrasted to mere economic harm." *Express One Intern., Inc. v. Steinbeck,* 53 S.W. 3d 895, 899 (Tex. App.—Dallas 2001).  "Damages resulting solely from economic harm generally are not recoverable in simple negligence actions." *Id.* at 898 (affirming judgment in favor of the defendant on the negligence claim where the plaintiff alleged only economic damages).  General allegations of mental anguish are insufficient to meet the damages element of a negligence claim. *City of Tyler v. Likes*, 962 S.W.2d 489, 496-98 (Tex. 1997) (holding that mental anguish is only compensable where: (1) the defendant acted with intent or malice, (2) a special relationship existed between the parties, or (3) the injury is so shocking or disturbing that mental anguish was a foreseeable result, for example wrongful death cases or serious bodily injury).

Here, Plaintiff's alleged damages are not sufficient under Texas law.  Plaintiff does not articulate any specific damages purportedly stemming from his negligence claims (Compl. at ¶¶ 60-73), alleging only that Defendants' conduct "caused Plaintiff damages" (*id.* at ¶ 43).  Plaintiff claims that he was "frustrated," "distressed," "disrupted," suffered "emotional distress and embarrassment," lost cell phone battery life, lost time, and suffered "annoyance," yet these allegations are detached from reference to any specific claim and there are no allegations tying

14

those alleged injuries to any conduct by Defendants during the narrow limitations period.  (*Id.* at ¶¶ 38, 47-51.)  At best, these allegations amount to conclusory allegations of economic damages and mental anguish that *City of Tyler* makes clear are insufficient to support a negligence claim. Therefore, Plaintiff's negligence and negligence per se claims should be dismissed with prejudice.

> ### iii.  *Plaintiff's Negligence Per Se Claim Fails as a Matter of Law Because the TCPA Does Not Create a Common Law Duty.*

Plaintiff's negligence per se claim fails on the additional ground that it is wholly duplicative of Plaintiff's claim for negligent violation of the TCPA claim (count I), and Plaintiff cannot manufacture a separate cause of action that is detached from Texas common law.

In *Johnson v. Sawyer,* the Fifth Circuit explained that "[d]uties set forth in *federal* law do not, therefore, automatically create duties cognizable under *local tort law.*   The pertinent question is whether the duties set forth in the federal law are analogous to those set forth in local tort law."  47 F. 3d 716, 729 (5th Cir. 1995) (internal citations omitted).  "While Texas generally recognizes the doctrine of negligence *per se* [] no Texas decision has been found applying the doctrine to create a common law cause of action for a statutory violation *where* there is a comprehensive and express statutory private cause of action for the statutory violation."  *Id.* (emphasis in original).  Thus, when "both the statute violated and the statute creating the cause of action for that violation are federal" the Fifth Circuit concluded, "[w]e can think of no reason for a Texas court to create a common law cause of action for the statutory violation in such a circumstance."  *Id.*   Instead, the Fifth Circuit "followed the principle that we will not create 'innovative theories of recovery or defense' under local law, but will rather merely apply it 'as it currently exists.'"  *Id.* (internal citations omitted).

The TCPA contains a "comprehensive and express statutory private cause of action for the statutory violation." *Id.* Thus, under *Johnson,* Plaintiffs cannot "create" a common law cause of action when no such duties exist under the Texas common law. Under settled Texas law, there is no special relationship between a mortgagor and mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on Defendants. (*See supra* at pg. 13.) Therefore, there is no duty under the TCPA that is analogous to those set forth in local tort law that would permit the creation of a novel theory of recovery. As a result, in the only Texas case uncovered that considered this question, the court flatly rejected the notion of creating a negligence per se claim based upon alleged conduct that may be actionable under the TCPA. *See Chair King Inc. et al, v. GTE Mobilenet of Houston, Inc.,* 135 S.W.3d 365, 395-96 (Tex. App.—Houston 2004), *overruled on other grounds*, 184 S.W.3d 707 (Tex. 2006). Instead, the court concluded that the plaintiff presented no "evidence giving rise to a common-law negligence duty regarding the alleged actionable conduct." *Id.* Because the case did "not involve a claim deriving the duty from the common law . . . [it was] not an appropriate case for negligence per se." *Id.* (*citing Perry v. S.N.,* 973 S.W.2d 301, at 306-07 (Tex. 1998)). No cases since *Chair King* have found differently.[3]

Courts around the country have similarly rejected efforts by plaintiffs to convert TCPA violations into separate negligence claims. *See, e.g., Saloila v. Municipal Services Bureau,* No. 13-00544-HG-RLP, 2014 WL 3389395, at *9 (D. Haw. Jul. 9, 2014) (concluding that "Plaintiff has not demonstrated that the TCPA provides a duty of care sufficient for a negligence cause of

---

[3] This Court has also routinely rejected analogous attempts to apply negligence per se to alleged violations of other federal statutes, such as the Fair Debt Collection Practices Act. *See, e.g., Bruce,* 2015 WL 728028, at *4; *Bent v. Mackie Wolfe Zientz & Mann, P.C.,* No. 3:13-cv-2038-D, 2013 WL 4551614, at *6 (N.D. Tex. Aug. 28, 2013) (Fitzwater, J.); *Thompson v. Hughes, Watters & Askanase,* No. 3:13-cv-429-G-BH, 2013 WL 4441979, at *10 (N.D. Tex. Aug. 20, 2013) (Fish, J.).

action" and that "Plaintiff's recourse for violations of the TCPA is the statutory remedies themselves"); *Adler v. Vision Lab Telecoms., Inc.*, 393 F. Supp. 2d 35, 41 (D.D.C. Oct. 17, 2005) (dismissing plaintiff's negligence claim; concluding that the plaintiffs "have not pointed to any authority that might support the existence of the alleged duties. These duties would arise only from the TCPA's statutory proscriptions and not from any duty recognized in the common law.").

There are no duties set forth in the TCPA "analogous to those set forth in local tort law." *Johnson,* 47 F. 3d at 729. Therefore, Plaintiff's negligence per se claim fails as a matter of law and should be dismissed with prejudice.

### D.     Plaintiff Fails to Plead a Plausible Claim for Violation of the TDCA.

To prove a cause of action under the TDCA, plaintiff must show (1) defendants are debt collectors, (2) defendants committed a wrongful act against plaintiff under the TDCA during "debt collection," and (3) plaintiff was damaged as a result of those wrongful acts. *See Elston v. Resolution Servs.*, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997, no writ).

This Court should dismiss Plaintiff's TDCA claim because he fails to allege plausible actual damages. "Texas courts have stated that a plaintiff who cannot prove actual damages cannot 'successfully maintain an action under the [Texas Debt Collection] Act.'" *Narango v. Universal Sur. of America*, 679 F. Supp. 2d 787, 801 (S.D. Tex. 2010) (quoting *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 30-31 (Tex. App.—Tyler 2000, pet. denied); *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997, no pet.)); *but see Marauder Corp. v. Beall*, 301 S.W.3d 817, 823 (Tex. App.—Dallas 2009, *reh'g denied*) (holding a TDCA action "may be for actual damages *or* an injunction").

Here, as with the negligence claims, Plaintiff's alleged damages are not sufficient under Texas law. Plaintiff does not articulate any specific damages purportedly stemming from his

TDCA claim (Compl. at ¶¶ 74-80), alleging only that Defendants' conduct "caused Plaintiff damages" (*id.* at ¶ 77).   Plaintiff claims that he was "frustrated," "distressed," "disrupted," suffered "emotional distress and embarrassment," lost cell phone battery life, lost time, and suffered "annoyance," yet these allegations are detached from reference to any specific claim and there are no allegations tying those alleged injuries to any conduct by Defendants during the narrow limitations period.   (*Id.* at ¶¶ 38, 47-51.).   Accordingly, the TDCA claim fails in the absence of any allegations of plausible actual damages.

In addition, the TDCA claim fails because Plaintiff has not alleged any prohibited behavior within the statute of limitations period to plausibly support this claim.   Plaintiff's TDCA claim is predicated upon section 392.302(4), which prohibits debt collectors from "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."   Tex. Fin. Code Ann. § 392.302 (West 2017).   Yet, the only allegations in the Complaint as to the nature, number, or frequency of the calls relate entirely to alleged calls in 2014.   (Compl. at ¶ 30.)   This is well outside of the two-year statute of limitations period for this claim.   (*Supra* at pgs. 4-5.)

Plaintiff alleges no repeated or continuous calls by either Defendant between the narrow window of May 3, 2015 (the two-year limitations period) and December 13, 2015 (when Plaintiff alleges the conduct at issue ceased) (Compl. at ¶ 25), much less any allegations plausibly suggesting how such calls were placed by either OLS or OMS during that time period with the requisite "intent to harass."   *See* Tex. Fin. Code Ann. § 392.302 (West 2017).   Plaintiff has thus failed to allege any plausible facts to state a TDCA claim.   *See Mathurin v. Wells Fargo, N.A.,* No. A-14-CA-708-SS, 2014 WL 4441963, at *2 (W.D. Tex. Sept. 9, 2014) (granting motion to dismiss TDCA claim under section 392.302(4) on the ground that the "sparse allegations are

insufficient to establish a plausible violation of section 392.302(4))"). As such, dismissal of Plaintiff's TDCA claim is appropriate.

### E. Plaintiff Fails to Plead a Plausible Claim for Violation of the DTPA.

Plaintiff's DTPA claim fails because Plaintiff is not a "consumer" under the Act. While the DTPA is a "tie-in" statute to the TDCA, Plaintiff must still allege plausible facts that he is a "consumer" as defined in the DTPA. *Woods v. Bank of America, N.A.,* No. 3:11-CV-1116-B, 2012 WL 1344343, at *7 (N.D. Tex. Apr. 17, 2012) (Boyle, J.) (*citing Cushman v. GC Services, L.P.,* 397 Fed. App'x 24, 27-29 (5th Cir. 2010)). To be considered a "consumer" under the DTPA, one must "seek[ ] or acquire[ ] by purchase or lease, any goods or services." *Id.* (*citing* Tex. Bus. & Com. Code Ann. § 17.45(4)).

 "Texas Courts have consistently held that borrowing money does not constitute acquisition of a good or service." *Woods,* 2012 WL 1344343, at *7. Moreover, where, as here, the "servicing or administration of the loan is merely incidental to a plaintiff's prior objective to purchase a residence, such events do not bestow consumer status upon the plaintiff for purposes of the DTPA." *Id.* Accordingly, in *Woods,* this Court dismissed the DTPA claim against the mortgage servicer, with prejudice, because the plaintiff could not establish that he was a consumer under the Act. *Id*; *see also Hansberger v. EMC Mortg. Corp.*, No. 04-08000438-CV, 2009 WL 2264996, at *2 (Tex. App. Ct. July 29, 2009) (rejecting DTPA claim against mortgage servicer; holding that the "services provided by [the mortgage servicer] served no purpose other than to facilitate a mortgage loan acquired from another lender, and therefore, were not, as a matter of law, a "good" or "service" contemplated by the DTPA"); *Daryani v. Wells Fargo Bank, N.A.*, No. 4:10-CV-05181, 2012 WL 3527924, at *6 (S.D. Tex. Aug. 13, 2012) (holding that "servicing a loan is not a service under the DTPA and does not confer consumer status to Plaintiffs"); *Loyola v. American Homes for Rent Property II, LLC,* No. A-13-CV-752 LY, 2014

WL 12461966, at *9 (W.D. Tex. Feb. 13, 2014) (dismissing DTPA claim against mortgage servicer; holding that because the claim was based on "conduct after the acquisition of the loan," the plaintiffs "lack consumer status for the purpose of the DTPA").

These cases are dispositive of this claim.  Other than the conclusory allegation that he is a "consumer" (Compl. at ¶ 19), Plaintiff fails to allege any "good" or "service" that he acquired from Defendants.  Nor can he do so, when it is well established that servicing a loan is not a service under the DTPA.  Accordingly, the DTPA claim should be dismissed, with prejudice, as Plaintiff lacks statutory standing to pursue this claim as a matter of law.

     **F.**     **Plaintiff Fails to Plead the Requisite Elements to Allege a Plausible Unreasonable Collection Efforts Claim.**

        *i.*     *Plaintiff Fails to Plead a Plausible Claim for Unreasonable Collection Efforts.*

Plaintiff's claim for unreasonable collection efforts is facially deficient, because he has not alleged the heightened conduct required to plausibly plead this claim.  Unreasonable collection is an "intentional tort covering a variety of conduct—so much so, that the elements of unreasonable collection have often evaded precise definition." *Woods,* 2012 WL 1344343, at *8. As this Court explained, "Texas Courts have accepted, however, that the tort may be defined as 'efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Id.* As a result, Texas courts generally reserve this tort for actual collection efforts that "overstep the bounds of routine collection methods through excessive harassment." *Everhart v. CitiMortgage, Inc.*, No. CIV.A. H-12-1338, 2013 WL 264436, at *6 (S.D. Tex. Jan. 22, 2013) (granting motion to dismiss the unreasonable collection claim where the plaintiff failed to allege that the defendant "engaged in any egregious or unreasonable collection activities").

As with the TDCA claim, Plaintiff's unreasonable collection efforts claim is predicated entirely upon alleged calls placed by Defendants.  (Compl. at ¶ 86.)  And, as with the TDCA claim, the only allegations in the Complaint as to the nature, number, or frequency of the calls relate entirely to alleged calls in 2014 – well outside the relevant limitations period.  (Compl. at ¶ 30; *see also supra* at pgs. 4-5.)  There are no allegations of repeated or continuous calls by either Defendant during the two-year limitations period of May 3, 2015 to December 13, 2015 (Compl. at ¶ 25), much less any allegations plausibly suggesting "collection efforts that oversteps the bounds of routine collection methods through excessive harassment."  *Everhart,* 2013 WL 264436, at *6.  Therefore, Plaintiff's claim should be dismissed.  *See, e.g., Valdez v. Capital Mgmt. Servs*., LP, No. CIV.A. B:09-246, 2010 WL 4643272, at *16 (S.D. Tex. Nov. 16, 2010) (granting motion to dismiss unreasonable collection efforts claim, concluding: "even assuming outrageous conduct at some point during the collection process, none has been alleged within the statute of limitations").

Plaintiff's generic allegation that he received an unidentified number of calls between May 3, 2015 and December 13, 2015 (Compl. at ¶ 25), is wholly inadequate to support a plausible claim of excessive harassment outside the bounds of routine collection methods.  *See Woods,* 2012 WL 1344343, at *8 (granting motion to dismiss unreasonable collection claim where the plaintiff's allegations fell "well short of conduct constituting willful, wanton, and malicious harassment" and, thus, the allegations were insufficient to support a claim).  Even in *Gipson v. Deutsche Bank Nat'l Trust Co*., where the plaintiff alleged that the defendant "constantly" called him from May 2012 and December 2012, including calls several times per month that were early in the morning and late at night, the allegations were insufficient to satisfy the heightened pleading standard. Case No. 3:13-CV-4820-L, 2015 WL 2069583, at *9 (N.D.

21

Tex. May 4, 2015) (Lindsay, J.)  There the court held that "[e]ven viewed in the light most favorable to him, [Gipson's] allegations of several phone calls and mailings *per month* fail to support a plausible claim of excessive harassment outside the bounds of routine collection methods." *Id.* (emphasis in original).

Other than asserting conclusory allegations, Plaintiff has alleged no facts within the statute of limitations period to plausibly support this claim. Therefore, Plaintiff's claim for unreasonable collection efforts should be dismissed. *See Watson v. Citimortgage, Inc.,* 814 F. Supp. 2d 726, 734 (E.D. Tex. 2011) (granting motion to dismiss unreasonable collection claim where the plaintiff alleged only conclusory statements).

### ii.     *Plaintiff Fails to Allege Any Recoverable Damages to Plausibly Support the Unreasonable Collections Effort Claim.*

Plaintiff's unreasonable collection efforts claim also fails because Plaintiff has not and cannot allege that he suffered "some physical or other actual damages in order to be entitled to relief." *Johnson v. JPMorgan Chase Bank, N.A.,* No. 4:12cv285, 2013 WL 2554415, at *14 (E.D. Tex. June 7, 2013).  Plaintiff merely alleges that he suffered "mental anguish and emotional distress." (Compl. at ¶ 89.)  The Fifth Circuit has made clear that the "general rule in Texas  . . . is that mental anguish alone is insufficient to sustain a recovery of damages, at common law, for unreasonable collection efforts." *McDonald v. Bennett,* 674 F.2d 1080 (5th Cir. 1982); *see also Rivera v. Bank of America, N.A.,* No. 4:13cv195, 2014 WL 2996159, at *8 (E.D. Tex. Jul. 2, 2014) (holding that "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief").

Plaintiff has not alleged adequate physical or other actual damages here.  Therefore, the unreasonable collection efforts claim fails on this additional ground.

## CONCLUSION

Based on the foregoing, Defendants Ocwen Loan Servicing, LLC and Ocwen Mortgage Servicing, Inc. respectfully request that the Court dismiss Plaintiff's Complaint. Further, because Plaintiff's state law claims fail as a matter of law, Defendants request that those claims be dismissed with prejudice.

This 20th day of June, 2017.            Respectfully submitted,

**OCWEN LOAN SERVICING, LLC and OCWEN MORTGAGE SERVICING, INC.**

By their attorneys,

 /s/ Abigail M. Lyle
Abigail M. Lyle
Texas Bar No. 24095189
Aliza Malouf
Texas Bar No. 24094811
Hunton & Williams, LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-8229
Facsimile: (214) 740-7157
E-mail: alyle or amalouf@hunton.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2017, I electronically filed the foregoing via the CM/ECF system for the Northern District of Texas, which sent notice of such filing to all counsel of record.

/s/ Abigail M. Lyle
Abigail M. Lyle