**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---

| | |
|---|---|
| MOISES AGUILAR, JR., § | |
| § | CIVIL ACTION NO. <u>3:17-CV-01165-B</u> |
| Plaintiff, § | |
| § | |
| v. § | |
| § | **<u>FIRST AMENDED COMPLAINT</u>** |
| § | |
| OCWEN LOAN SERVICING, LLC, § | |
| § | |
| Defendant. § | **<u>JURY TRIAL DEMANDED</u>** |
| § | |

---

Plaintiff, by counsel and pursuant to the Federal Rules of Civil Procedure, files this First Amended Complaint and asserts the following:

**INTRODUCTION**

1.  This action for damages is brought by an individual plaintiff in response to Defendant's violations of the the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Texas Debt Collection Practices Act, Texas Finance Code, Chapter 392 ("TDCPA"), and for common law Negligence violations and common law Unreasonable Collection Efforts.

2.  The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like the plaintiff. "Voluminous consumer complaints about abuses

of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." TCPA, Pub.L. No. 102–243, at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.   Similarly the State of Texas enacted the Texas Debt Collection Practices Act, (TDCPA), which amongst other things, prohibits debt collectors from oppressing, harassing, or abusing individuals by causing their telephones to ring repeatedly or continuously, or from making repeated or continuous telephone calls to individuals, with the intent to harass them at the called telephone number, Tex Fin Code § 392.302(4).

6.   Moises Aguilar, Jr. ("Aguilar" or "Plaintiff"), through his attorneys, brings this action to challenge the actions of Ocwen Loan Servicing, LLC ("OLS"), (hereinafter "Ocwen" or "Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

7.   The statute of limitations is tolled due to the commencement of a class action based on same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC,* Case No. 1:14-cv-8461, filed against Defendant on October 27, 2014 in the Northern District of Illinois. *See America Pipe & Construction Co v. State of Utah*, 414 U.S. 538 (1974).

8.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

9.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10.   Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

11.   Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

### JURISDICTION AND VENUE

12.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state claims.

13.   This action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

14.   Because Defendant does business within the Northern District of Texas, personal jurisdiction is established.

15.   Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant maintains a corporate office in the Northern District of Texas.

16.   Defendant is subject to the Court's personal jurisdiction.

### PARTIES

17.   Plaintiff, Aguilar ("Plaintiff") is a natural person who resides in the City of Round Rock, State of Texas.

18. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff is a consumer as defined by the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

20. Defendant OLS has its principal place of business in the City of West Palm Beach, in the State of Florida.

21. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

22. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Tex. Fin. Code Ann. § 392.001(6).

23. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

24. Between March 30, 2011 and December 13, 2015, Defendant called Plaintiff on Plaintiff's cellular telephone numbers ending in 2942 and 4602 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

25. Plaintiff further alleges on information and belief that after December 13, 2015, Defendant continued to call Plaintiff on Plaintiff's cellular telephone numbers ending in 2942 and 4602 via an "automatic telephone dialing

system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A), a number of times and with a degree of frequency to be determined via discovery.

26. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or beep-tone, before an Ocwen Representative would pick up and start speaking.

28. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

29. In total, Plaintiff has received at least 1,496 calls from Defendant on Plaintiff's cellular telephone.

30. For example, Plaintiff received at least 548 calls in 2014 from Defendants, particularly:

   • 56 calls in April, 2014—with calls on every day of the month.

   • 69 calls in June, 2014—with calls on every day of the month.

   • 64 calls in July, 2014—with 3 calls per day coming on 14 separate days.

   • 74 calls in September, 2014—with calls on every day of the month.

31. No later than 2014 and on multiple occasions, Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by telephone.

32. Plaintiff answered several of the above mentioned telephone calls from Defendant and asked Defendant to stop calling.

33. Despite this clear and unmistakable request, the calls continued without interruption.

34. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

35. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

36. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

37. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

38. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

39. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

40. The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members.

41. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant's unwanted and intrusive calls.

42. In doing so, Plaintiff missed important communications from friends and family.

43. Through their actions, Defendant's breached their duty of care to Plaintiff and caused Plaintiff damages.

44. Through its actions, Defendant violated the Texas Debt Collection Practices Act.

45. Through its actions, Defendant breached their duties under the common law for their unreasonable collection efforts and caused Plaintiff damages.

### *Damages*

46. Defendant caused an invasion of Plaintiff's privacy by calling his cellular phone over 1,496 times in an attempt to collect a debt.

47. Defendant caused Plaintiff emotional distress and embarrassment by calling him repeatedly and continuously.

48. Defendant consumed and wasted Plaintiff's cell phone battery life.

49. Defendant wasted hours of Plaintiff's time by calling Plaintiff when Defendant had no right to call Plaintiff.

50. Defendant caused the Plaintiff to suffer the frustration and annoyance the TCPA was enacted to prevent. *See, e.g., Mey v. Got Warranty, Inc.*, No.

5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.")

## STANDING

51. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

See, *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.

52. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### The "Injury in Fact" Prong

53. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

54. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists.   In the present case, Plaintiff was called on their cellular phone by Defendant.   Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff.   *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are concrete and *de facto*.

55. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way."  *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016) at 7.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.   It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS.  Finally, Plaintiff alone is responsible to pay the bill on their cellular phone.   All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

### *The "Traceable to the Conduct of Defendant" Prong*

56. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that her injury is traceable to the conduct of Defendant(s).

57. In the instant case, this prong is met simply by the fact that the calls to Plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

### *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

58.   The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

59.   In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227.   The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

60.   Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future.   The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

61.   Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in  *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016)*,* Plaintiff has standing to sue Defendant on the stated claims.

## CAUSES OF ACTION

## COUNT I

### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

64. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

66. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

67. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

68.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3) (B) and 47 U.S.C. § 227(b)(3)(C).

69.   Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### NEGLIGENCE

70.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

71.   Defendant had a duty to use care to not infringe on Plaintiff's privacy rights when collecting on alleged debts and not calling Plaintiff hundreds of times to harass and/or abuse Plaintiff.

72.   Defendants breached that duty by calling Plaintiff on Plaintiff's cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

73.   Defendant's negligence was a substantial and proximate factor in causing Plaintiff the harm and injury described above.

74.   Plaintiff was harmed and suffered injury as described above.

75. As a result, Plaintiff is entitled to actual damages.

76. Defendant's conduct was malicious and oppressive.

77. As a result, Plaintiff is entitled to punitive damages.

## COUNT IV

### NEGLIGENCE PER SE - TCPA

78. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

79. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.

80. Thus, Plaintiff is within the protective class which the TCPA is designed to protect.

81. As described above, Defendant breached its duty when it violated the TCPA.

82. Defendant's violation of the TCPA was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

83. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights and safety of Plaintiff or their family. As such Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

## COUNT V

### OPPRESSION, HARASSMENT, AND ABUSE IN VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT (TDCPA), TEXAS FINANCE CODE, CHAPTER 392

84.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

85.   Under the TDCPA, Defendant was barred from oppressing, harassing, or abusing Plaintiff by causing Plaintiff's telephone to ring repeatedly or continuously, or from making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number, Tex Fin Code § 392.302(4).

86.   Defendant disregarded its obligations under the TDCPA by causing Plaintiffs's telephone to ring repeatedly or continuously, and/or by making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number.

87.   Defendant caused Plaintiff damages by disregarding Defendant's obligation under the TDCPA to not oppress, harass, or abuse Plaintiff by causing Plaintiffs's telephone to ring repeatedly or continuously, and/or by making repeated or continuous telephone calls to Plaintiff, with the intent to harass Plaintiff at the called number.

88.   Defendant has oppressed, harassed, and abused Plaintiff by causing Plaintiffs's telephone to ring repeatedly or continuously, and/or by making

repeated or continuous telephone calls to Plaintiff, with the intent to harass

Plaintiff at the called number in violation of Tex. Fin. Code. § 392.302(4).

89. Defendant's actions are a deceptive trade practice pursuant to Tex. Fin. Code.

§ 392.404(a).

90. Plaintiff alleges that Defendant's actions were taken knowingly and

intentionally thereby entitling Plaintiff to additional damages, attorneys' fees

and costs of court, pursuant to both the TDCPA.

### COUNT VI

### BREACH OF THE COMMON LAW TORT OF
### UNREASONABLE COLLECTION EFFORTS

91. Plaintiff repeats, re-alleges, and incorporates by reference, all other

paragraphs.

92. Defendant engaged in unreasonable collection efforts, in violation of the

common law of the State of Texas.

93. Defendant maintained a practice of repeatedly and continuously calling

Plaintiff's telephone in furtherance of Defendant's debt collection efforts.

94. Defendant's repeated and continuous telephone calls were made in such a

way that a person of ordinary care and prudence would not have used such

methods under the same or similar circumstances.

95. Defendant's calls to Plaintiff were a harassing means to collect a debt in a

willful, wanton and malicious way intended to inflict mental anguish and

expose Plaintiff to feelings of actual and perceived ridicule in the community and workplace.

96.   Defendant's behavior caused Plaintiff to suffer extreme and several mental anguish and emotional distress.

97.   As a result, Plaintiff is entitled to actual damages.

98.   Defendant's conduct was malicious and and reckless.

99.   As a result, Plaintiff is entitled to exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

•   Statutory damages of $500 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

•   Any and all other relief that the Court deems just and proper.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

•   Statutory damages of $1,500, for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Any and all other relief that the Court deems just and proper.

## COUNT III

### NEGLIGENCE

- An award of actual damages;

- An award of punitive damages;

- Any and all other relief that the Court deems just and proper.

## COUNT IV

### NEGLIGENCE PER SE

- An award of actual damages;

- An award of punitive damages;

- Any and all other relief that the Court deems just and proper.

## COUNT V

### OPPRESSION, HARASSMENT, AND ABUSE IN VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT (TDCPA), TEXAS FINANCE CODE, CHAPTER 392

- Ruling that Defendant violated the TDCPA;

- Awarding Plaintiff actual damages pursuant to the TDCPA;

- In the alternative, awarding Plaintiff statutory damages of at least $100 pursuant to the TDCPA for each and every violation of the TDCPA;

- Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

- Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

- Any and all other relief that the Court deems just and proper.

### COUNT VI

### BREACH OF THE COMMON LAW TORT OF UNREASONABLE COLLECTION EFFORTS

- An award of actual damages;

- An award of exemplary damages;

- Any and all other relief that the Court deems just and proper.

### JURY DEMAND

100. Pursuant to the seventh amendment to the Constitution of the United States of America, Aguilar is entitled to, and demands, a trial by jury.

Date: July 8, 2017    By:/s/ Anthony Chester
Anthony P. Chester
State Bar No. 24092253
**HYDE & SWIGART**
1910 Pacific Ave., Suite 14155
Dallas, TX 75201
Telephone: (952) 225-5333
Facsimile: (800) 635-6425
Email: tony@westcoastlitigation.com

Christopher S. Cornell
State Bar No. 24097535
**HYDE & SWIGART**
1910 Pacific Ave., Suite 14155
Dallas, TX 75201
Telephone: (214) 880-6362
Facsimile: (800) 635-6425
Email: christopher@westcoastlitigation.com

Abbas Kazerounian, Esq.
State Bar No. 24090982
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808 Ext. 2
Facsimile: (800) 520-5523
Email: ak@kazlg.com


*Attorneys for Moises Aguilar Jr*

## CERTIFICATE OF SERVICE

On July 8, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that all parties were served via electronic case filing, email, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

By:/s/ Anthony P. Chester
Anthony P. Chester